UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTONIO COLBERT,<br>    Plaintiff | Case No. 1:10-cv-839 |
| | Dlott, J. |
| vs | Litkovitz, M.J. |
| | |
| METRO,<br>    Defendant | **REPORT AND RECOMMENDATION** |

Plaintiff, a resident of Washington, D.C., brings this action against Metro, a bus company in Cincinnati, Ohio. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii).  Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

The complaint alleges the following:

> Attn: Metro
>
> My name is Antonio Colbert! Y'all know me well, been attacked unconditionally by your bus drivers. I'm suing your company for $20,000,000.00, because your bus driver (D.R.) attacked and assaulted me in 7/06. The court also need to know the incident was recorded on tape, and court system in Cincinnati, Ohio, put me in jail to cover it up! Metro's liable for driver, so I'm them!
>
> Sincerely, Antonio Colbert

(Doc. 1 at 2).

Assuming plaintiff seeks to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), plaintiff's complaint is barred by the statute of limitations. It appears plaintiff seeks to hold the Metro bus company liable under the doctrine of respondeat superior for the injuries plaintiff sustained at the hands of Metro's employee. Yet, the statute of limitations has already expired for the potential underlying causes of action upon which to hold the employer liable. *See* Ohio Rev. Code § 2305.111(B) (one year statute of limitations for assault); § 2305.10 (two year statute of limitations for personal injury actions); § 2305.09 (four year statute of limitations for ordinary negligence).

If the allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (citing Fed. Rule Civ. Proc. 8(c)). *See also Watson v. Wayne County*, 90 Fed. Appx. 814, 815 (6th Cir. 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte."). The actions about which plaintiff complains occurred in July 2006. The statute of limitations expired, at the latest, in July 2010. Plaintiff's complaint was not filed until November 8, 2010, after the statute of limitations expired. Therefore, plaintiff's claim is barred by the statute of limitations and should be

dismissed.

To the extent plaintiff may be invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, the complaint provides no factual content or context from which the Court may reasonably infer that the defendant somehow violated plaintiff's federal rights.

Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/3/2010     s/Karen L. Litkovitz
               Karen L. Litkovitz, Magistrate Judge
               United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ANTONIO COLBERT,            Case No. 1:10-cv-839
    Plaintiff

                                      Dlott, J.
    vs                               Litkovitz, M.J.

METRO,
    Defendant

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).